UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOHN DOE, *et al.*, )<br>)<br>   *Plaintiffs*, )<br>) | |
| ) | Case No. 1:16-CV-373 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| HAMILTON COUNTY BOARD OF )<br>EDUCATION, *et al.*, ) | Magistrate Judge Christopher H. Steger |
| ) | |
|    *Defendants*. ) | |

| | |
|---|---|
| RICHARD ROE, SR., *et al.*, )<br>)<br>   *Plaintiffs*, )<br>) | |
| ) | Case No. 1:16-CV-497 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| HAMILTON COUNTY DEPARTMENT )<br>OF EDUCATION, *et al.*, ) | Magistrate Judge Christopher H. Steger |
| ) | |
|    *Defendants*. ) | |

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Court held a case management conference in the above-captioned cases on March 8, 2017. The subject matter jurisdiction of the Court has been invoked pursuant to 28 U.S.C. § 1332, and is not in dispute. The parties do not consent that all proceedings these cases may be conducted by a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c).

As discussed at the case management conference, Rule 42 of the Federal Rules of Civil Procedure provides that the Court may consolidate cases that involve a common question of law

or fact. The Court finds that the above-captioned cases will likely involve common questions of law and fact such that it would be in the interest of judicial economy to consolidate them for pretrial purposes and for trial. Accordingly, Case No. 1:16-cv-497 is **CONSOLIDATED** with Case No. 1:16-cv-373. Case No. 1:16-cv-373 is designated as the lead case, and all subsequent papers, pleadings, and motions shall be filed in Case No. 1:16-cv-373. It is not necessary for the Clerk or the attorneys to note filings on each docket sheet, as it will be understood that, because of this order, each filing in 1:16-cv-373 will be deemed to have also been filed in Case No. 1:16-cv-497. At such time as the final resolution of the consolidated cases is made, the final order will be filed in each case, at which time the cases shall be closed.

At the conference, the Court and the parties also discussed scheduling this matter for trial. As the Court indicated, it is unlikely to extend or continue any of the deadlines set forth below absent extraordinary circumstances. Accordingly, the following trial schedule is hereby **ORDERED**:

1. *Disclosure and Discovery*:

    (a) *Rule 26(f) Meeting*: The parties have held a discovery planning meeting as required by Rule 26(f).

    (b) *Discovery Plan*: The parties have filed with the Court a discovery plan in accordance with Rule 26(f).

    (c) *Initial Disclosures*: The parties have made all disclosures required by Rule 26(a)(1).

    (d) *Expert Testimony*: Disclosure of any expert testimony in accordance with Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure shall be made by the parties on or before **August 21, 2017**. Disclosure of rebuttal expert testimony shall be made by the parties on or before **September 18, 2017**.

    (e) *Final Witness List*: On or before **October 16, 2017**, the parties shall provide to all other parties a final witness list in accordance with Rule 26(a)(3)(A)(i). Within five (5) days after service of this final witness list, the list may be supplemented. After that time the list may be supplemented with leave of the

court and for good cause.

(f) *All Discovery*:  All discovery, including the taking of depositions "for evidence," depositions of experts and requests for admissions, shall be completed by **November 6, 2017**.

(g) *Pretrial Disclosures*:  On or before **April 23, 2018**, the parties shall make the pretrial disclosures specified in Rule 26(a)(3)(A)(ii) and (iii).  All deposition testimony to be offered into evidence must be disclosed to all other parties on or before this date.

2. *Other Scheduling Matters*:

    (a) *Amendment of Pleadings*: If any party wishes to amend the pleadings, such motion should be filed on or before **July 10, 2017**.

    (b) *Dispositive Motions*:  All dispositive motions under Rule 12 and all motions for summary judgment pursuant to Rule 56 shall be filed as soon as possible, but no later than **December 4, 2017**.  The failure to timely file such motions will be grounds to summarily deny them.  The parties must comply with § V.E. of the Court's preferences concerning joint appendices relating to motions for summary judgment.

    (c) *Daubert Motions*:  All motions to exclude expert testimony pursuant to Fed. R. Evid. 702 should be filed as soon as possible but no later than **December 4, 2017**.

    (d) *Consolidation and Bifurcation*:  To the extent any party seeks to try the above-captioned cases separately or to have issues bifurcated for trial, that party shall file a motion to that effect as soon as possible, but not later than **December 4, 2017**.

    (e) *Motions in Limine*:  Any motions in limine must be filed no later than **April 30, 2018**.  The Court will not entertain a motion to exclude expert testimony styled as a motion in limine.  Any motions to exclude expert testimony pursuant to Fed. R. Evid. 702 must be filed on or before the *Daubert* motion deadline set forth in § 6(c).

    (f) *Special Requests to Instruct for Jury Trial*:  Pursuant to Local Rule 51.1, requests for jury instructions shall be submitted to the Court no later than **May 14, 2018**. The parties shall confer and submit a joint proposal for jury instructions. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements.  To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal.  All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority pursuant to Local Rule 7.4.  A copy of the proposed jury

instructions should be sent to **mcdonough_chambers@tned.uscourts.gov**.

3. *<u>Final Pretrial Conference</u>*:  A final pretrial conference will be held in **May 21, 2018**, at 3:00 p.m. at the U. S. Courthouse, 900 Georgia Avenue, Courtroom 1A, Chattanooga, Tennessee. The parties shall prepare and submit a final pretrial order to the Court on or before the date of the final pretrial conference.  The parties should file trial briefs on anticipated evidentiary and legal issues at least three business days before the Final Pretrial Conference.  Prior to the final pretrial conference, the parties should file an exhibit list with exhibits pre-marked for identification purposes.

4. *<u>Trial</u>*:  The trial of this case will be held in Chattanooga before the United States District Judge **and a jury** beginning on **June 4, 2018** at 9:00 a.m.   If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.  **SHOULD THE SCHEDULED TRIAL DATE CHANGE FOR ANY REASON, THE OTHER DATES CONTAINED IN THIS ORDER SHALL REMAIN AS SCHEDULED.  SHOULD THE PARTIES DESIRE A CHANGE IN ANY OF THE OTHER DATES, THEY SHOULD NOTIFY THE COURT AND SEEK AN ORDER CHANGING THOSE DATES.**[1]

                                              */s/ Travis R. McDonough*
                                              **TRAVIS R. MCDONOUGH**
                                              **UNITED STATES DISTRICT JUDGE**

---

[1] The demands of the Court's docket dictate that all trials, including all pretrial hearings, in civil cases be conducted in Chattanooga, Tennessee.  The Court will, however, entertain motions to conduct trial in another division of this Court upon a showing of good cause by the parties.  Any such motions must be filed **after the dispositive motions deadline but no later than four weeks before the final pretrial conference**, and the grant or denial of the same rests in the Court's discretion.