# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

JOHN DOE, by and through his next friend
JANE DOE,

        Plaintiff,                             Case No.  1:16-cv-00373

v.

HAMILTON COUNTY BOARD OF EDUCATION        Hon. Harry S. Mattice, Jr.
d/b/a HAMILTON COUNTY SCHOOLS;            Hon. Christopher H. Steger
JAMES JARVIS, Individually and as an
Agent of HAMILTON COUNTY SCHOOLS;
JESSE NAYADLEY, Individually and as an
Agent of HAMILTON COUNTY SCHOOLS; and
ANDRE MONTGOMERY, Individually and as an
Agent of HAMILTON COUNTY SCHOOLS;

        Defendants.
_____/

*Consolidated with:*
RICHARD ROE, a minor student, by and through his
Parents and Next Friends, RICHARD ROE, SR. and
JANE ROE,

        Plaintiff,                             Case No.  1:16-cv-00497

v.

HAMILTON COUNTY DEPARTMENT OF            Hon. Harry S. Mattice, Jr.
EDUCATION, d/b/a HAMILTON COUNTY SCHOOLS;  Hon. Christopher H. Steger
ANDRE MONTGOMERY, individually; JAMES JARVIS,
individually; and MARSHA DRAKE, individually;

        Defendants.
_____/

## PROPOSED JOINT JURY INSTRUCTIONS OF
## PLAINTIFFS AND INDIVIDUAL DEFENDANTS

Pursuant to the Court's Amended Scheduling Order (ECF No. 105) and Local Rule 51.1,

the parties must confer and submit "a joint proposal for jury instructions."  The morning of July

30, 2018, Plaintiffs' counsel informed all parties that it would be circulating proposed jury

instructions for the parties' review.  Plaintiffs and the individual Defendants circulated their

proposed jury instructions and attempted to resolve any differences prior to filing these

instructions with the Court.  Included herein are Plaintiffs' proposed instructions, along with a

section entitled "Special Instructions Proposed by Individual Defendants" that sets forth the Individual Defendants' proposed instructions that differ from those set forth in Plaintiffs' proposed instructions, and on which the parties could not reach agreement.

Defendant Hamilton County Board of Education ("HCBE") did not respond to Plaintiffs' email or otherwise inform any parties that it was preparing or would submit its own draft instructions until 5:01 pm on July 30, 2018. At 6:33 p.m., HCBE emailed <u>55 pages</u> of proposed instructions to Plaintiffs. Plaintiffs obviously have not had sufficient time to review, compare, and contrast those instructions with the instructions set forth herein. Accordingly, Plaintiffs are submitting joint proposed instructions – with respect to those submitted by Plaintiffs and the Individual Defendants – pursuant to the scheduling order deadline.

2

## PROPOSED JURY INSTRUCTIONS OF
## <u>PLAINTIFFS JOHN DOE AND RICHARD ROE</u>

Case 1:16-cv-00373-HSM-CHS   Document 238   Filed 07/30/18   Page 3 of 57
PageID #: 5664

## GENERAL INTRODUCTION – PROVINCE OF THE COURT AND JURY

Members of the Jury:

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them from the evidence in this case. You are not to single out one instruction alone as stating the law but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

The lawyers may have referred to some of the governing rule s of law in their arguments. If, however, there is any difference between the law as stated by the lawyers and that stated in these instructions, you are, of course, to follow these instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but yours.

4

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one and does not say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## <u>DEPOSITION TESTIMONY</u>

Certain testimony has been read into evidence from a deposition. A deposition is testimony taken under oath before the trial and preserved in writing. You are to consider that testimony as if it had been given in court.

6

## EVIDENCE EXCLUDED

Evidence does not include several things that you have heard in the courtroom.

Evidence does not include any statement of the attorneys during the trial, including their closing arguments. You must decide for yourself whether you believe the facts show what the attorneys have argued they show.

Evidence does not include answers, statements, or comments made by the attorneys that I ordered stricken. You are to treat anything that I ordered stricken as if you had never heard it.

Finally, evidence does not include any objections raised by the attorneys. You must not speculate why I sustained or overruled any objection, nor are you permitted to guess what the answer might have been to any question I did not allow. You may not draw any inference or speculate on the truth of any suggestion included in a question that was not answered.

7

# CREDIBILITY OF WITNESSES

Another Part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony. Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake. Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened? Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events. Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying? Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other. And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

9

## DISCREPANCIES IN TESTIMONY

Discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness should be discredited.  Failure of recollection is a common experience, and innocent mistakes recalling certain facts are not uncommon.  Two persons witnessing the same incident or transaction often will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance.

## IMPEACHMENT – INCONSISTENT STATEMENTS OR CONDUCT

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, as you may think it deserves.

It a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust that witness's testimony in other particulars, and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

To "knowingly" testify falsely means to voluntarily and intentionally give false testimony, and not because of mistake or accident or other innocent reason.

11

## ORDINARY OBSERVATIONS AND EXPERIENCES

In reaching your verdict, you are to consider only the evidence in this case.  However, you are not required to set aside your common sense, and you have the right to weigh the evidence in the light of your own observations and experiences.

## **BURDEN OF PROOF**

The plaintiffs have the burden to prove the elements of their claim by a preponderance of the evidence. To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind and belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

13

## **PLAINTIFFS' TITLE IX CLAIM**

Title IX of the Education Amendments Act of 1972 provides:

"No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance."

## ELEMENTS OF PLAINTIFFS' TITLE IX CLAIM

To prevail on a claim for sexual harassment under Title IX, the plaintiffs must establish each of the following elements by a preponderance of the evidence:

1. The plaintiffs were subjected to sexual harassment was so severe or pervasive and objectively offensive that it could be said to deprive the plaintiff of access to the educational opportunities or benefits provided by the school;

2. The Defendant had actual knowledge of the sexual harassment; and

3. Once the defendant had actual knowledge, it acted with deliberate indifference to the harassment.

*Vance v. Spencer Cnty. Pub. Sch. Dist*, 231 F.3d 253, 258-59 (6th Cir. 2000).

## PRE- AND POST-ATTACK TITLE IX LIABILITY

Title IX liability can flow from two harassment time periods.

A school may be liable under Title IX when it exhibits deliberate indifference before a student suffers a harassing attack in a way that makes the student more vulnerable to the attack itself.

A school also, or alternatively, may be liable when it exhibits deliberate indifference after an attack, which results in a student enduring additional sexual harassment.

*Lopez v. Metro. Gov't*, 646 F. Supp. 2d 891, 917-18 (M.D. Tenn. 2009).

# ACTUAL KNOWLEDGE

There are several ways that you may find the Plaintiffs have established "actual knowledge."

You may find that a school has "actual knowledge when any "appropriate person" possessed enough knowledge of the harassment that the "appropriate person" or school could have responded with corrective or remedial measures to address the kind of harassment upon which the plaintiffs' legal claim is based.

*Mathis v. Wayne Cnty. Bd. of Educ.*, 782 F. Supp. 2d 542, 549 (M.D. Tenn. 2011).

You also may find that a school has actual knowledge of sexual harassment if any "appropriate person" at the school had knowledge of facts sufficiently indicating substantial danger to a student or students so that the institution can reasonably be said to be aware of the danger.

*Williams v. Paint Valley Local Sch. Dist.*, 440 F.3d 360, 363 (6th Cir. 2005).

## **APPROPRIATE PERSON**

An "appropriate person" is a school employee with the power to take action to correct the sexual harassment. For example, power to discipline a student who sexually harasses another student. A school principal who is entrusted with the responsibility and authority normally associated with that position will ordinarily be an "appropriate person." Other school employees may be "appropriate persons," depending on their authority to take corrective action to address sexual harassment.

*See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998).

## SEVERE OR PERVASIVE, AND OBJECTIVELY OFFENSIVE SEXUAL HARASSMENT

In determining whether the harassment was sufficiently severe or pervasive, and objectively offensive, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You must consider the total circumstances and determine whether the harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

A single sufficiently severe incident of sexual harassment may satisfy this element of a Title IX claim. *Vance v. Spencer County Public School Dist.*, 231 F.3d 253, 259 (6th Cir. 2000)).

## <u>SEXUAL HARASSMENT NEED NOT BE OVERTLY SEXUAL</u>

Title IX does not require "sexual harassment" to be overtly sexual or to be performed for a sexual gratification. Rather, Title IX also encompasses harassment based upon one's gender, or one's sex. For example, harassment delivered because one is a male, or to "make you a man," or to distinguish a male from a female, may violate Title IX.

*Williams v. GMC,* 187 F.3d 553, 565 (6th Cir. 1999); *Jackson v. Quanex Corp.,* 191 F.3d 647, 662 (6th Cir. 1999).

## **TOTALITY OF CIRCUMSTANCES**

As you consider whether sexual harassment occurred, you must consider the *total* effect of all of the harassment being alleged. In other words, you must not break out each incident and analyze them individually, apart from the whole. The cumulative effect must be considered.

*Williams v. GMC,* 187 F.3d 553, 562 (6th Cir. 1999); *Lyle v. Cato Corp*., 730 F. Supp. 2d 768, 779 (M.D. Tenn. 2010).

## **DELIBERATE INDIFFERENCE**

"Deliberate indifference" means that the defendants' response to the alleged harassment, or lack of response, was clearly unreasonable in light of the known circumstances.

*Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648-49 (1999).

"Deliberate indifference" may also be found when a school knows that its efforts to remediate sexual harassment are ineffective, but it continues to use those same methods to no avail.

*Vance v. Spencer County Public School Dist*., 231 F.3d 253, 26 (6th Cir. 2000).

22

## COMPENSATORY DAMAGES ON PLAINTIFFS' TITLE IX CLAIMS

If you find Defendant Hamilton County Board of Education discriminated against Plaintiff John Doe or Plaintiff Richard Roe based upon their sex, you must determine an amount that is fair compensation for their damages. You may award compensatory damages only for injuries that Plaintiff John Doe or Plaintiff Richard Roe prove were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation – no more and no less.

In an action for damages in a personal injury case, you shall consider the following:

(1) The personal injuries sustained and their extent and duration;

(2) The effect such injuries have on the overall physical and mental health and well-being of the plaintiff;

(3) The physical pain and mental anguish suffered in the past and which with reasonable probability may be expected to be experienced in the future;

(4) The loss of plaintiff's enjoyment of life;

(5) The disfigurement and humiliation or embarrassment associated with such disfigurement;

(6) The medical and other expenses reasonably and necessarily incurred in the past and which with reasonable probability may be expected in the future;

(7) The loss of earnings in the past and such earnings or reduction in earning capacity which with reasonable probability may be expected in the future.

With respect to an award of damages for any pain, suffering, mental anguish, or loss of enjoyment of life that Plaintiff John Doe or Plaintiff Richard Roe experienced as a consequence of the defendant's allegedly unlawful acts, no evidence of the monetary value of such intangible

23

things has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damages.

The law does not require that Plaintiff John Doe or Plaintiff Richard Roe prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## <u>NOMINAL DAMAGES ON PLAINTIFFS' TITLE IX CLAIMS</u>

If you find in favor of Plaintiff John Doe or Plaintiff Richard Roe on their Title IX claims, but you find that their damages have no monetary value, then you must return a verdict for John Doe or Richard Roe in the nominal amount of One Dollar ($1.00).

## ELEMENTS OF PLAINTIFFS' 42 U.S.C § 1983 FAILURE TO TRAIN CLAIM

To prevail on a claim for failure to train under 42 U.S.C § 1983, the plaintiffs must establish each of the following elements by a preponderance of the evidence:

1. The plaintiffs were deprived of a constitutional right;

2. Any training or education provided by the defendant was inadequate to prevent deprivation of the plaintiffs constitutional rights;

3. The defendant's inadequate training was the result of the defendant's deliberate indifference; and

4. The defendant's inadequate training was closely related to or actually caused deprivation of plaintiffs' constitutional rights.

*Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700-01 (6th Cir. 2006).

26

## PLAINTIFFS' CONSTITUIONAL RIGHTS

Student-against-student sexual harassment deprives a student of his 14th Amendment rights under the U.S. Constitution.

*Shively v. Green Local Sch. Dist. Bd. of Educ.*, 579 Fed. Appx. 348, 358 (6th Cir. 2014); *see also Williams v. Port Huron Sch. Dist.*, 455 F. Appx 612, 618 (6th Cir. 2012); *Doe v. Forest Hills Sch. Dist.*, No. 1:13-cv-428, 2015 U.S. Dist. LEXIS 175321 (W.D. Mich. Mar. 31, 2015); *Belcher v. Robertson Cnty.*, No. 3-13-0161, 2014 U.S. Dist. LEXIS 165238 (M.D. Tenn. Nov. 26, 2014)

**Individual Defendants have asserted their objection to this instruction.**

## DELIBERATE INDIFFERENCE ON PLAINTIFFS' 42 U.S.C § 1983 CLAIM

Deliberate indifference on Plaintiffs' 42 U.S.C. §1983 claim does not require the same showing as deliberate indifference on Plaintiffs' Title IX claim.

On Plaintiffs' 42 U.S.C. §1983 claim, they must show Defendant Hamilton County Board of Education, Defendant James Jarvis, Defendant Jesse Nayadley, or Defendant Andre Montgomery was deliberately indifferent, which can be established by showing:

1. The need for more or different training was so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the defendant can reasonably be said to have been deliberately indifferent to the need for the training if the school district did not provide the obvious training. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).  or

2. The defendant failed to provide adequate training in light of foreseeable consequences that could result from the lack of instruction, meaning student-against-student sexual harassment and resulting deprivation of students' 14th Amendment rights. or

3. The defendant failed to provide adequate training in response to known student-against-student sexual harassment and resulting deprivation of students' 14th Amendment rights.

*Brown v. Chapman*, No. 15-3506, 2016 U.S. App. LEXIS 2827, at *32 (6th Cir. Feb. 19, 2016), *see also Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700-01 (6th Cir. 2006).

## COMPENSATORY DAMAGES ON PLAINTIFFS' 42 U.S.C § 1983 CLAIM

If you find that Defendant Hamilton County Board of Education, Defendant James Jarvis, Defendant Jesse Nayadley, or Defendant Andre Montgomery is liable on Plaintiffs' 42 U.S.C. § 1983 claim, you must determine an amount that is fair compensation for their damages. You may award compensatory damages only for injuries that Plaintiff John Doe or Plaintiff Richard Roe prove were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation – no more and no less.

In an action for damages in a personal injury case, you shall consider the following:

(1) The personal injuries sustained and their extent and duration;

(2) The effect such injuries have on the overall physical and mental health and well-being of the plaintiff;

(3) The physical pain and mental anguish suffered in the past and which with reasonable probability may be expected to be experienced in the future;

(4) The loss of plaintiff's enjoyment of life;

(5) The disfigurement and humiliation or embarrassment associated with such disfigurement;

(6) The medical and other expenses reasonably and necessarily incurred in the past and which with reasonable probability may be expected in the future;

(7) The loss of earnings in the past and such earnings or reduction in earning capacity which with reasonable probability may be expected in the future.

With respect to an award of damages for any pain, suffering, mental anguish, or loss of enjoyment of life that Plaintiff John Doe or Plaintiff Richard Roe experienced as a consequence of the defendant's allegedly unlawful acts, no evidence of the monetary value of such intangible

things has been, or need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded for these elements of damages.

The law does not require that Plaintiff John Doe or Plaintiff Richard Roe prove the amount of their damages with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Case 1:16-cv-00373-HSM-CHS     Document 238     Filed 07/30/18     Page 30 of 57
PageID #: 5691

## PUNITIVE DAMAGES ON PLAINTIFFS' 42 U.S.C § 1983 CLAIMS

If you find that Defendant James Jarvis, Defendant Jesse Nayadley, or Defendant Andre Montgomery is liable on Plaintiffs' 42 U.S.C. § 1983 claim, you may consider punitive damages.

The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior.

*Memphis Comm. Sch. Dist. v. Stachura,* 477 U.S. 299, 307 n.9, (1986).

Punitive damages may be awarded under §1983 "if it is shown that the defendant engaged in behavior that was 'motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" "[P]unitive damages are warranted if a defendant's conduct is "'grossly negligent, intentional or malicious.'"

*Defoe* ex rel. *Defoe v. Spiva*, 566 F. Supp. 2d 748, 754 (E.D. Tenn. 2008) (quoting *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536, 119 S. Ct. 2118, 144 L. Ed. 2d 494 (1983)).

## NOMINAL DAMAGES ON PLAINTIFFS' 42 U.S.C § 1983 CLAIM

If you find in favor of Plaintiff John Doe or Plaintiff Richard Roe on their 42 U.S.C. § 1983 claims, but you find that their damages have no monetary value, then you must return a verdict for John Doe or Richard Roe in the nominal amount of One Dollar ($1.00).

## RIGHT TO RECOVER FOR NEGLIGENT CONDUCT

A plaintiff is entitled to recover compensation for an injury that was legally caused by the negligent conduct of a defendant. In this case, the plaintiff has the burden of proving:

1. That the defendant was negligent; and

2. That the negligence was a legal cause of injury to the plaintiff.

**T.P.I. Civil 3.01.**

The Plaintiffs have made claims of negligence, negligent supervision, negligent failure to train, and negligence per se.

## STANDARD OF CARE FOR NEGLIGENCE

Negligence is the failure to use ordinary or reasonable care. It is either doing something that a reasonably careful person would not do, or the failure to do something that a reasonably careful person would do, under all of the circumstances in this case.

A person may assume that every other person will use reasonable care, unless a reasonably careful person has cause for thinking otherwise.

**TIP Civil 3.05.**

## STANDARD OF CARE IMPOSED ON MINORS

The negligence of a minor, if any, must be determined in light of the minor's age, experience, training, education, maturity and other factors that would influence the minor's judgment. A minor will not be held to the standard of care imposed on adults. A minor is chargeable with such care as a reasonably careful person of similar age, capacity, knowledge, and experience would be expected to use.

**TIP Civil 3.07**

## NEGLIGENCE *PER SE*

A person who violates a statute or ordinance is negligent. However, a person violating a statute or ordinance is not at fault unless you also find that the violation was a legal cause of the injury or damage for which the claim has been made.

**T.P.I. Civil 3.09**

## <u>LEGAL CAUSE</u>

A legal cause of any injury is a cause which, in natural and continuous sequence, produces an injury, and without which the injury would not have occurred.

**T.P.I.- CIVIL- 3.20**

Case 1:16-cv-00373-HSM-CHS    Document 238    Filed 07/30/18    Page 37 of 57
PageID #: 5698

## COMPENSATORY DAMAGES-INTRODUCTION

If you decide a party is entitled to damages, you must fix an amount that will reasonably compensate that party for each of the following elements of claimed loss or harm, if you find it was suffered by that party and was caused by the act or omission upon which you base your finding of fault.

Each of these elements of damage is separate. You may not duplicate damages for any element by also including that same loss or harm in another element of damage.

**T.P.I. -CIVIL-14.01**

## **PERSONAL INJURY DAMAGES**

[If you have made a finding of liability, then] Plaintiffs shall be awarded the following elements of damage experienced in the past:

Physical pain and suffering

Mental or emotional pain and suffering

Loss of capacity for the enjoyment of life

Disfigurement

Pain and suffering encompasses the physical discomfort caused by an injury. Mental or emotional pain and suffering encompasses anguish, distress, fear, humiliation, grief, shame or worry. Disfigurement is a specific type of permanent injury that impairs a plaintiff's appearance. Damages for loss of enjoyment of life compensate the injured person for the limitations placed on the ability to enjoy pleasures of life. Impairment of physical function prevents a person from living life in comfort by adding inconvenience or loss of physical ability.

There is no mathematical formula for computing reasonable compensation for these damages, nor is the opinion of any witness required as to the amount of such compensation.

In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

**T.P.I. -CIVIL-14.10**

## MEDICAL EXPENSES

The next element of damages that the plaintiff may recover is for reasonable and necessary

expenses for medical care, services, and supplies actually given in the treatment of a party as

shown by the evidence and the present cash value of medical expenses reasonably certain to be

required in the future.

**T.P.I. -CIVIL-14.11**

## DAMAGES FOR PERMANENT INJURIES

The plaintiff John Doe claims damages for permanent injury. To recover damages for permanent injury, the plaintiff must prove the future effect of the injury with reasonable certainty. While it is not necessary that the evidence show conclusively or absolutely that the injury is permanent, you may not award damages for a permanent injury based upon a mere conjecture or a possibility.

**T.P.I. – CIVIL 14.16**

41

## NEGLIGENT INFLICTION OF SEVERE OR SERIOUS EMOTIONAL INJURY

Reasonable compensation must be given for serious or severe emotional injury suffered by the plaintiffs and legally caused by the defendant's conduct. A serious or severe emotional injury occurs when a reasonable person, normally constituted, would be unable to adequately cope with the mental stress caused and brought about by the circumstances of the case. There is no mathematical formula for computing reasonable compensation for negligent infliction of serious or severe emotional injury, nor is the opinion of any witness required as to the amount of such compensation. In making an award for such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

**T.P.I.-CIVIL-14.17**

## PUNITIVE DAMAGES ON PLAINTIFFS' STATE LAW CLAIMS

[PLAINTIFFS INCORPORATE INDIVIDUAL DEFENDANTS' "SPECIAL JURY INSTRUCTION NO. 8 – PUNITIVE DAMAGES (STATE LAW CLAIMS)"]

T.P.I. – CIVIL 14.55 Punitive

## ELECTION OF FOREPERSON

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court.

Forms of verdict have been prepared for your convenience.

[Forms of verdict read.]

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict, you will have the foreperson fill in, date and sign the form which sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

44

## <u>VERDICT – UNANIMOUS – DUTY TO DELIBERATE</u>

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is in error.  But do not surrender you honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

## THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT
## <u>RESEARCH ON OR COMMUNICATE ABOUT A CASE</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet c hat room, blog or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

## COMMUNICATIONS BETWEEN COURT
## <u>AND JURY DURING JURY'S DELIBERATIONS</u>

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the court security officer, signed by your foreperson or by one or more members of the jury. No member of the jury should even attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

47

## SPECIAL JURY INSTRUCTIONS BY DEFENDANTS JAMES JARVIS, ANDRE MONTGOMERY AND JESSE NAYADLEY

Defendants James Jarvis, Andre Montgomery, and Jesse Nayadley (collectively, these "Defendants"), by and through undersigned counsel, hereby request that the jury be charged with the following special[1] jury instructions pursuant to the Amended Scheduling Order [Doc. 105 in Case No. 1:16-cv-00373; Doc. 68 in Case No. 1:16-cv-00497]:

### Special Jury Instruction No. 1 - § 1983 (generally)

In relevant part, 42 U.S.C. §1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law….[2]

To establish a claim pursuant to § 1983, Plaintiffs John Doe and Richard Roe must each demonstrate (1) that he was deprived of a right secured by the Constitution or the laws of the United States and (2) that he was subjected or caused to be subjected to this deprivation by a person acting under the color of state law.[3]

Plaintiffs John Doe and Richard Roe have the burden of proving each essential element of their 1983 claims by a preponderance of the evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true.

---

[1] These Defendants would note that they do not deem the following jury instructions as "special"; Rather, it is the position of these Defendants that the following instructions are a resuscitation of the law that is applicable to some of the Plaintiffs various claims against these Defendants. These Defendants would further note that they have no objection to the Court using the standard form instructions that it utilizes for all civil actions (e.g. juror duties, burden of proof, etc.).

[2] Id.

[3] Gregory v. Shelby County, 220 F.3d 433, 441 (6th Cir. 2000).

If you find that any of the essential elements of Plaintiffs John Doe and Richard Roe's 1983 claims have not been proven by a preponderance of the evidence, then you must return a verdict for the Defendants.

### Special Jury Instruction No. 2 - § 1983 (personal involvement requirement)

Plaintiffs John Doe and Richard Roe have alleged that Defendants James Jarvis, Andre Montgomery, Jesse Nayadley and Marsha Drake each engaged in conduct which violated one or more of Plaintiffs' federal constitutionally-protected rights. To succeed against any given individual Defendant on their federal constitutional claims, Plaintiffs John Doe and Richard Roe must prove by a preponderance of the evidence that that particular individual Defendant was personally involved in the conduct which deprived Plaintiffs of a federal constitutionally-protected right.[4] In other words, Plaintiffs John Doe and Richard Roe must demonstrate specifically what each individual Defendant did that violates their federal constitutional rights in order for you to find that individual Defendant liable to the Plaintiffs. You cannot hold one individual Defendant liable for what another individual Defendant did or did not do.[5]

### Special Jury Instruction No. 3 – respondeat superior

Respondeat Superior is not a proper basis for liability under Section 1983.[6] Nor can the liability of supervisors be based solely on the right to control employees[7] or "simple awareness of employees misconduct."[8] Furthermore, "a supervisory official's failure to supervise, control, or train the offending individual is not actionable unless the supervisor 'either encouraged the

---

[4] Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009).
[5] Id.
[6] Leary v. Daeschner, 349 F. 3d 888, 903 (6th Cir. 2003); Bellamy v. Bradley, 729 F. 2d 416, 421 (6th Cir.) Cert. denied, 469 U.S. 845 (1984).
[7] Bellamy, 729 F. 2d at 421.
[8] Leary, 349 F. 3d at 903.

specific incident of misconduct or in some other way directly participated in it."[9] "[A]t a minimum a Plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. (quoting Hays, 668 F. 2d at 874). Some "active unconstitutional behavior" on the part of the supervisor is required before the imposition of liability.[10]

### Special Jury Instruction No. 4 – substantive due process

The Due Process Clause of the Fourteenth Amendment provides that no "State [shall] deprive any person of life, liberty, or property, without due process of law."[11] The general rule is that the Due Process Clause is a prohibition against state actions and that it does not require municipalities to take affirmation action to protect life, liberty, or property against private actors.[12] Although "[t]here is no question that the Substantive Due Process Clause protects individuals from abuses of governmental power," that Clause "does not impose a constitutional duty on [a] school to protect students from harm inflicted by private actors, such as their classmates."[13]

Supreme Court jurisprudence recognizes two exceptions to the general rule that municipalities are not liable for action of private actors under the substantive due process clause" the "special relationship" exception and the "state-created danger" exception.[14]

---

[9] Shehee v. Luttrell, 199 F. 3d 295, 300 (6th Cir. 1999) (quoting Hays v. Jefferson County, 668 F. 2d 869, 874 (6th Cir. 1982)).

[10] Bass v. Robinson, 167 F. 3d 1041, 1048 (6th Cir. 1999).

[11] U.S. Const. amend. XIV, § 1.

[12] DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

[13] Doe v. Big Walnut Local Sch. Dist. Bd. of Educ., 837 F. Supp. 2d 742, 752 (S.D. Ohio 2011). See also Soper ex rel. v. Hoben, 195 F.3d 845, 853–54 (6th Cir.1999); Mathis v. Wayne Cnty. Bd. of Educ., 782 F. Supp. 2d 542, 551 (M.D. Tenn. 2011) ("There is no dispute, however, that the violations of bodily integrity at issue here were committed by students, not state actors, meaning that, under the general rule, the defendants could not have Section 1983 liability").

[14] DeShaney, 489 U.S. at 199-201, 109 S.Ct. 998.

In regards to the former exception, the special relationship theory has typically been limited to the context of prisoners and involuntarily committed mental patients,[15] and there exists a long line of authority in the Sixth Circuit and in the Eastern District for Tennessee refusing to extend that exception to the context of the school setting.[16]

As the special relationship theory is inapplicable to the school setting, Plaintiffs John Doe and Richard Roe are left with a state created danger theory should he pursue a substantive due process claim against these Defendants.  "To prevail on a state-created danger theory, Plaintiffs John Doe and Richard Roe must establish three elements: (1) an affirmative act that creates or increases the risk to the plaintiff, (2) a special danger to the plaintiff as distinguished from the public at large, and (3) the requisite degree of state culpability."[17]

Importantly, "under this theory, a 'failure to act' is not an affirmative act; Plaintiffs John Doe and Richard Roe must show that [defendants] affirmatively took an action that increased the Plaintiffs' "vulnerability" or otherwise put them in harm's way."[18]  Importantly, leaving students unsupervised does not rise to the level of creating a risk – even in the context of elementary school children.[19]  "Even affirmatively returning a victim to a preexisting situation of danger does not create or increase the victim's risk of harm."[20]

---

[15] see DeShaney, 489 U.S. at 189.

[16] Stiles ex rel. D.S. v. Grainger Cnty., Tenn., 819 F.3d 834, 854 (6th Cir. 2016); Soper v. Hoben, 195 F.3d 845, 853 (6th Cir. 1999); Sargi v. Kent City Bd. of Educ., 70 F.3d 907, 910-11 (6th Cir. 1995);Claiborne Cnty., Tenn., 103 F.3d 495, 510 115 Ed. Law Rep. 265 (6th Cir. 1996); Hill v. Blount Cnty. Bd. of Educ. --- F.Supp.3d ----, 2016 WL 4444802, at *3 (E.D. Tenn. Aug. 23, 2016).

[17] Stiles, 819 F.3d at 854 (citing McQueen v. Beecher Cmty. Schs., 433 F.3d 460, 464 (6th Cir.2006)).

[18] Mathis v. Wayne Cnty. Bd. of Educ., 782 F. Supp. 2d 542, 551-52 (M.D. Tenn. 2011) (quoting Cartwright v. City of Marine City, 336 F.3d 487, 493 (6th Cir. 2003); see also DeShaney, 489 U.S. 189, 200, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989).

[19] McQueen v. Beecher Cmty. Schs., 433 F.3d 460, 465-66 (6th Cir.2006) (finding that a teacher's act of leaving students unsupervised in a classroom did not create or increase the risk that one student would shoot another).

[20] Stiles, 819 F.3d at 855, (citing Bukowski v. City of Akron, 326 F.3d 702, 709 (6th Cir.2003) (holding that police officers' act of returning a victim to the house where they originally found her did not increase the plaintiff's danger of being raped by the occupant of that house a second time).

Case 1:16-cv-00373-HSM-CHS    Document 238    Filed 07/30/18    Page 51 of 57
PageID #: 5712

The final prong of the state-created danger test requires Plaintiff to prove that these individual Defendants acted with deliberate indifference or subjective recklessness, which means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference,"[21] This element can "be proven circumstantially by evidence showing that the risk was so obvious that the official had to have known about it."[22]

**Special Jury Instruction No. 5 – equal protection claim**

"No State shall…deny to any person within its jurisdiction the equal protection of the laws."[23] "The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis."[24] The Plaintiffs are purportedly alleging that they were discriminated against due to their status as males.

The Sixth Circuit recognizes two methods of proving an equal protection violation based on a school official's response to peer harassment: (1) disparate treatment of one class of students who complain about bullying as compared to other classes of students…and (2) deliberate indifference to discriminatory peer harassment.[25]

"Under the disparate treatment theory, a male plaintiff claiming gender discrimination must introduce evidence that his complaints of peer harassment were treated differently by school officials than female students' similar complaints."[26] The Sixth Circuit has held that the

---

[21] Sperle v. Mich. Dep't of Corr., 297 F.3d 483, 493 (6th Cir.2002) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)).
[22] Bukowski v. City of Akron, 326 F.3d 702, 710 (6th Cir.2003).
[23] U.S. Const. amend. XIV, § 1.
[24] Johnson v. Bredesen, 624 F.3d 742, 746 (6th Cir.2010)(citing Radvansky v. City of Olmsted Falls, 395 F.3d 291, 312 (6th Cir.2005)).
[25] Stiles, 819 F.3d 834, 851-852, 330 Ed. Law Rep. 473 (6th Cir. 2016).
[26] Stiles, 819 F.3d at 852.

Plaintiff must establish that officials treated "the complaints differently 'because of, not merely in spite of, the harmful [disparate] effect that such treatment would have.'"[27]

To prove a deliberate indifference § 1983 equal protection violation claim in peer harassment cases the plaintiff must first offer evidence that he was subjected to discriminatory peer harassment based upon his status in a definable class.[28] "Second, the plaintiff must offer evidence that school officials responded to the discriminatory peer harassment with deliberate indifference, i.e. in a manner clearly unreasonable in light of known circumstances."[29]

### Special Jury Instruction No. 6 – Title IX Damages

Schools are unlike the adult workplace. Children may regularly interact in a manner that would be unacceptable among adults. Simple acts such as teasing and name-calling among school children do not constitute sufficiently severe, pervasive, and offensive harassment, even where those comments target differences in gender.[30] The harassment must have been so severe, pervasive, and objectively offensive that it had the effect of denying Plaintiffs John Doe and Richard Roe access to educational benefits or opportunities.

### Special Jury Instruction No. 7 – Punitive Damages (Constitutional Claims)

Plaintiffs John Doe and Richard Roe seek an award of punitive damages against individual defendants James Jarvis, Andre Montgomery and Jesse Nayadley on their constitutional claims. Punitive damages may be awarded for constitutional claims only "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."[31]

---

[27] Soper v. Hoben, 195 F.3d 845, 852, 139 Ed. Law Rep. 807, 1999 Fed.App. 0375P (6th Cir. 199).

[28] Stiles, 819 F.3d at 853(citing Williams v. Port Huron School Dist., 455 Fed.Appx. 612, 618 (6th Cir. 2012); DiStiso v. Cook, 691 F.3d 226, 241 (2d Cir.2012); Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir.1999) ; Nabozny v. Podlesny, 92 F.3d 446, 453 (7th Cir. 1996).

[29] Stiles, 819 F.3d at 853; Hill v. Blount County Board of Education, 203 F.Supp.3d 871, 879-881, 340 Ed. Law Rep. 403 (E.D. Tenn. August 23, 2016).

[30] Davis v. Monroe County Bd. Of Educ., 526 U.S. 629, 652 (1999); Hawkins v. Sarasota County School Bd., 322 F.3d 1279, 1288 (11th Cir. 2003), rehearing and rehearing en banc denied.

[31] Hill v. Marshall, 962 F.2d 1209, 1217 (6th Cir. 1992) (quoting Smith v. Wade, 461 U.S. 30, 54 (1983)).

If you find in favor of the Plaintiffs on any of their constitutional claims and you determine that punitive damages are warranted against the individual Defendants, mark the appropriate place indicating so on the verdict form. You need not calculate an amount of punitive damages now—that will come later if it is necessary.

### Special Jury Instruction No. 8 – Punitive Damages (State law Claims)

Plaintiffs John Doe and Richard Roe have asked that you make an award of punitive damages against the individual Defendants James Jarvis, Andre Montgomery and Jesse Nayadley on Plaintiffs' state law claims. You may consider an award of punitive damages only if you find that each Plaintiff has suffered actual damage as a legal result of the individual defendant's fault and you have made an award of compensatory damages.

The purpose of punitive damages is not to further compensate the Plaintiff, but to punish a wrongdoer and deter others from committing similar wrongs in the future. Punitive damages are reserved for egregious conduct. Punitive damages may be considered if, and only if, that Plaintiff has shown by clear and convincing evidence that an individual Defendant has acted intentionally, recklessly, or maliciously.

Clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that the individual Defendant's wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

A person acts "intentionally" when it is the person's purpose or desire to do a wrongful act or to cause the result.

A person acts "recklessly" when the person is aware of, but consciously disregards a substantial and unjustifiable risk of injury or damage to another. Disregarding the risk must be a gross deviation from the standard of care that an ordinary person would use under all the circumstances.

A person acts "maliciously" when the person is motivated by ill will, hatred, or personal spite.

As I instructed you with respect to punitive damages on the constitutional claims, if you find that punitive damages are appropriate against any individual on a particular state law claim,

54

indicate so on the verdict form.  You need not calculate an actual amount of punitive damages to award at this time.  That will come later if it is necessary.

RESPECTFULLY SUBMITTED this 30th day of July, 2018.

TAYLOR & KNIGHT, GP

/s/*Jonathan Swann Taylor*
Arthur F. Knight, III BPR#016178
Jonathan Swann Taylor, BPR#025094
800 South Gay Street, Suite 600
Knoxville, Tennessee  37929
Phone: 865-971-1701
Fax: 865-971-1705
amber@taylorknightlaw.com
*Attorneys for Defendants Andre Montgomery,*
*Jesse Nayadley and James Jarvis*

55

Respectfully submitted,

Dated: July 30, 2018

**THE FIERBERG NATIONAL LAW GROUP, PLLC**

s/ Monica H. Beck
Monica H. Beck
Douglas E. Fierberg
161 East Front Street
Suite 200
Traverse City, MI 49684
(231) 933-0180
Fax (231) 252-8100
mbeck@tfnlgroup.com

*Attorneys for Plaintiff Doe*

**GILBERT McWHERTER SCOTT BOBBITT, PLC**

s/ Justin S. Gilbert
Justin S. Gilbert (BPR No. 17079)
200 W. Martin Luther King Blvd., Ste. 1067
Chattanooga, TN 37402
(423) 499-3044 (phone)
(731) 664-1540 (fax)
jgilbert@gilbertfirm.com

**LEWIS & OLIVER**

s/ Eric J. Oliver
Eric J. Oliver (TN Bar No. 017509)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
(423) 756-8203 (phone)
(423) 756-2233 (fax)
eoliver@lewisoliver.com

*Attorneys for Plaintiff Roe*

56

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was sent to the following via the Court's Electronic Filing System on July 30, 2018:

| | |
|---|---|
| D. Scott Bennett<br>Mary C. DeCamp<br>BENNETT & DECAMP<br>707 Georgia Ave., Suite 300<br>Chattanooga, Tennessee 37402<br>dsb@bennettdecamp.com<br>mcd@bennettdecamp.com | Jordan K. Crews<br>Brian A. Pierce<br>Office of the Attorney General<br>General Civil Division<br>P.O. Box 20207<br>Nashville, Tennessee 37202-0207<br>Jordan.crews@ag.tn.gov<br>Brian.Pierce@ag.tn.gov |
| Arthur F. Knight, III<br>Jonathan S. Taylor<br>TAYLOR & KNIGHT, P.C.<br>800 South Gay Street, Suite 600<br>Knoxville, Tennessee 37929<br>aknight@taylorknightlaw.com<br>jstaylor@taylorknightlaw.com | Jaclyn L. McAndrew<br>Heather Ross<br>Office of Attorney General and Reporter<br>P.O. Box 20207<br>Nashville, Tennessee 37202-0207<br>Jaclyn.mcandrew@ag.tn.gov<br>Heather.Ross@ag.tn.gov |
| Charles M. Purcell<br>Jennifer C. Craig<br>Christopher C. Hayden<br>PURCELL, SELLERS & CRAIG, INC.<br>P.O. Box 10547<br>Jackson, Tennessee 38308<br>chuck@psclegal.com<br>jennifer@psclegal.com<br>chris@psclegal.com | Rhubin M. Taylor<br>Office of the County Attorney<br>Room 204, County Courthouse<br>Chattanooga, Tennessee 37402<br>mtaylor@mail.hamiltontn.gov |
| | Edmund J. Schmidt III<br>LAW OFFICE OF EDDIE SCHMIDT<br>2323 21st Avenue South<br>Suite 502<br>Nashville, Tennessee 37212<br>eddie@eschmidtlaw.com |
| W. Carl Spinning<br>T. William Caldwell<br>ORTALE KELLEY LAW FIRM<br>330 Commerce Street, Suite 110<br>P.O. Box 198985<br>Nashville, Tennessee 37201-8985<br>wcaldwell@ortalekelley.com<br>cspinning@ortalekelley.com | Curtis L. Bowe, III<br>BOWE & ASSOCIATES, PLLC<br>707 Georgia Avenue, Suite 301<br>Chattanooga, Tennessee 37402<br>curtisbowe@boweandassociates.com |